ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

SKYE ORTHOBIOLOGICS, LLC, a Delaware Limited Liability Company, HUMAN REGENERATIVE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,

*Plaintiffs*,

v.

CTM BIOMEDICAL, LLC, a Delaware Limited Liability Corporation; BRYAN BANMAN, an individual; VETERANS MEDICAL DISTRIBUTORS, INC.; a Florida Corporation; GARDNER ROGERS, an individual; MIKE STUMPE, an individual; PABLO SEOANE aka PAUL SEOANE, an individual; and DOES 1 through 10, inclusive,

*Defendants*.

Case No.: 2:20-cv-03444-DMG-PVCx

**STIPULATION AND PROTECTIVE ORDER**



**IT IS HEREBY STIPULATED** by and between the parties to *Skye Orthobiologics, LLC, et al. v. CTM Biomedical, LLC, et al.* Unites States District Court for the Central District of California Case Number CV 20-3444-DMG (PVCx), Plaintiff SKYE ORTHOBIOLOGICS, LLC ("Skye") and Plaintiff HUMAN REGENERATIVE TECHONOLOGIES, LLC ("HRT") (Plaintiffs collectively as "Plaintiffs"); and Defendant CTM BIOMEDICAL, LLC ("CTM"), Defendant BRYAN BANMAN ("Banman"), Defendant VETERANS MEDICAL DISTRIBUTORS, INC. ("VMD"), Defendant GARDNER ROGERS ("Rogers"), Defendant MIKE STUMPE ("Stumpe"), and Defendant PABLO SEOANE aka PAUL SEOANE ("Seoane") (Defendants collectively as "Defendants") (all parties collectively as "Parties"), by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows.

1. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. There is good cause for entry of a pretrial protective order because the nature of this action involves highly confidential and confidential trade secrets, private financial information and confidential business information. The specific examples of confidential

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212



information are set forth below in the definitions of Confidential Materials and Highly Confidential Materials.

3. In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

a. "Proceeding" means *Skye Orthobiologics, LLC, et al. v. CTM Biomedical, LLC, et al.* Unites States District Court for the Central District of California Case Number CV 20-3444-DMG (PVCx).

b. "Court" means the Hon. Dolly M. Gee, or any other District or Magistrate judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential Materials" means any Documents, Testimony, or Information designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order that the Designating Party believes in good faith contains non-public, confidential matter that could cause competitive or financial harm to the Designating Party, or that could invade the privacy interests of a third-party, if disclosed publicly or used for purposes outside of this Proceeding.

d. "Highly Confidential Materials" means any Documents, Testimony, or Information designated as "Highly Confidential" pursuant to the terms of this Stipulation and Protective Order that the Designating Party believes in good faith contains non-public, highly-confidential matter that has the potential to create a substantial risk of serious competitive or financial harm to the Designating Party, or that could invade the privacy interests of a third-party, if disclosed to another party to this Proceeding, and for which less restrictive means do not provide adequate protection. By way of example, "Highly Confidential Materials" might include, subject to the standard set forth in this paragraph, the following types of information: confidential trade knowledge; confidential product formulations; confidential product ingredients; confidential manufacturing processes; confidential sources of supply; confidential names of vendors; confidential names of customers; confidential names of sales force/independent contractors;

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

confidential names of advisors and consultants; confidential pricing; confidential compensation information for employees or representatives; confidential ownership information; representative commission rates; margins, revenue numbers, expenses, other non-public, confidential company internal financial information; confidential development, research, or studies of current or future products; confidential internal marketing materials; confidential internal sales force education; confidential data and training; and confidential communications with the United States Federal Drug and Food Administration. Under certain circumstances, a Receiving Party may request a Designating Party to provide an exception to any designation of Highly Confidential Materials to allow a Receiving Party to review the Documents, Testimony, or Information for a limited, but reasonable, time period, if such designation of Highly Confidential Materials makes it impracticable to prosecute or defend the litigation. Upon such a request, counsel shall meet and confer within seven days. If an agreement cannot be reached, the parties must present the dispute to the Court in the form of a Joint Stipulation as provided in Local Rule 37-2. The Court shall resolve this dispute using the following standard: "Has good cause been shown for the disclosure of "Highly Confidential" materials to a person not otherwise permitted access to such information?" The Court shall reach its decision on the basis of all the practical circumstances of the particular document, testimony or information at issue.

This "good cause" standard, which applies when a Receiving Party does not challenge the general propriety of a "Highly Confidential" designation but seeks instead a limited exception to allow the party to disclose "Highly Confidential" materials to a person who would not otherwise be permitted access for a limited period, does not apply to designation challenges where the Receiving Party contends that a document has been improperly identified as "Highly Confidential" because it does not fall within the definition of "Highly Confidential" materials as provided in the stipulated protective order. In any such disputes, the parties shall strictly comply with the procedures set forth in Local Rule 37.

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

e. "Designating Party" means the Party or Non-Party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential."

f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

g. "Documents" means (i) any of the items identified in Federal Rule of Civil Procedure 34(a), which have been produced in discovery in this Proceeding by any person or entity (ii) any "Writing," "Original," and "Duplicate," as those terms are defined by Federal Rules of Evidence Sections 1001, 1002, 1003, and 1004, which have been produced in discovery in this Proceeding by any person or entity, and (iii) any copies, reproductions, or summaries of all or any part of the foregoing.

h. "Information" means the content of Documents, Testimony, or interrogatory or request for admissions responses.

i. "Receiving Party" means the Party who receives Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential."

j. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

4. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

5. Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information. A Designating Party may apply different designations to Information for different parties (e.g., Information may be marked "Highly Confidential" for everyone except a single person to which the designation may be "Confidential").



ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

Alternatively, a Designating Party may designate Information as "Highly Confidential," but provide an exception to a particular person or Party to allow that person or Party to review the Information.

a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

b. For Testimony given in depositions the Designating Party may either:

i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

6. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be



ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within five (5) business days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony, or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information shall promptly destroy the inadvertently produced Document, Testimony, or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, or Information, the receiving Party shall notify the producing Party in writing of such destruction within five (5) business days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, or Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

7. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating





ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

Party shall have twenty (20) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to any or all of the Designation Objections and/or (b) seek court intervention, in accordance with District Judge's and Magistrate Judge's rules, to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

8. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

a. the Court;

b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. those officers, directors, partners, members, and employees of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent,



ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

e. any deposition, trial, or hearing witness in the Proceeding who authored or previously received the Confidential Materials; provided, however, that such witnesses may not be permitted to retain a copy of the Confidential Information.

f. an officer, director, partner, or member of the Designating Party;;

g. a deposition, trial, or hearing witness in the Proceeding who did not author or previously receive the Confidential Materials, provided that: (1) disclosure to such witness is necessary for the prosecution or defense of this case; (2) the witness signs Exhibit A hereto; and (3) such witness may not be permitted to retain a copy of the Confidential Information.

mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

h. outside experts or expert consultants consulted by the Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or

expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

i. a mediator jointly hired by the Parties to mediate any issue in this Proceeding; and

j. any other person or entity that the Designating Party agrees to in writing.

9. Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside counsel of record in this Proceeding and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

b. outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

c. any deposition, trial, or hearing witness in the Proceeding who authored or previously received the Highly Confidential Information; provided, however, that such witnesses may not be permitted to retain a copy of the Highly Confidential Information.

d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

e. the Court.

10. Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

11. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

12. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

b. prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

i. to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Stipulation and Protective Order; or



ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

13. Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

14. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party or by a Party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party or a Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties with respect to any Information produced by a Party. Any such designation shall also function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

15. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

16. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

17. If, after execution of this Stipulation and Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

18. This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

19. Where any Confidential Materials or Highly Confidential Materials, or Information derived therefrom, is included in any motion or other proceeding governed by the Federal Rules of Civil Procedure, rule 5.2(d)-(g), and United States District Court for the Central District of California Local Rules 79-5, the Parties and any involved non-party shall follow those rules. Confidential Materials or Highly Confidential Materials may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Materials or Highly Confidential Materials at issue. If a Party's request to file Confidential Materials or Highly Confidential Materials under seal is denied by the court,



ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

then the Receiving Party may file the information in the public record unless otherwise instructed by the court. With respect to discovery motions or other proceedings not governed by Federal Rules of Civil Procedure, rule 5.2(d)-(g), and United States District Court for the Central District of California Local Rules 79-5, the following shall apply: If Confidential Materials, Highly Confidential Materials, or Information derived therefrom are submitted to or otherwise disclosed to the Court in connection with any Court filings, submissions, or proceedings, the same shall be separately filed under seal in accordance with the Local Rules for the Central District of California and the Individual Rules of the District Judge and Magistrate Judge presiding over this Proceeding.

20. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial and shall move the Court for entry of an appropriate order.

21. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

22. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

23. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

and Protective Order, all work product, and one copy of each pleading filed with the Court, and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials and Highly Confidential Materials under the terms herein.



26. Any willful violation of this Protective Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

This Stipulation and Protective Order may be executed in counterparts.

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

DATED: September 7, 2021

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212





ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

**EXHIBIT A**

**CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS**

I hereby acknowledge that I, ________________________________[NAME], __________________________________________________ [POSITION AND EMPLOYER], am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, *Skye Orthobiologics, LLC, et al. v. CTM Biomedical, LLC, et al.* Unites States District Court for the Central District of California Case Number CV 20-3444-DMG (PVCx). I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Stipulation and Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

///

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct. Executed this _____ day of ____________, 20___, at __________________.

DATED:_________________________ BY: _________________________________
Signature

_________________________________
Title

_________________________________
Address

_________________________________
City, State, Zip

_________________________________
Telephone Number

ROSEN ✧ SABA, LLP
9350 Wilshire Boulevard, Suite 250, Beverly Hills, CA 90212

