**ROSEN ✧ SABA, LLP**
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
TODD M. LANDER, ESQ. (State Bar No. 173031)
tlander@rosensaba.com
LAURA KELLY St. MARTIN (State Bar No. 260966)
lstmartin@rosensaba.com
NEDA FARAH, ESQ. (State Bar No. 269819)
nfarah@rosensaba.com
2301 Rosecrans Avenue, Suite 3180
El Segundo, California 90245
Telephone:    (310) 285-1727
Facsimile:     (310) 285-1728

Attorneys for Plaintiffs,
SKYE ORTHOBIOLOGICS, LLC and
HUMAN REGENERATIVE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE ORTHOBIOLOGICS, LLC, a Delaware Limited Liability Company, HUMAN REGENERATIVE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>*Plaintiffs*,<br><br>v.<br><br>CTM BIOMEDICAL, LLC, a Delaware Limited Liability Corporation; BRYAN BANMAN, an individual; CTM MEDICAL, INC., a Delaware Corporation; VETERANS MEDICAL DISTRIBUTORS, INC.; a Florida Corporation; GARDNER ROGERS, an individual; MIKE STUMPE, an individual; PABLO SEOANE aka PAUL SEOANE, an individual; NATHAN BOULAIS, an individual, and DOES 3 through 10, inclusive,<br>*Defendants*. | Case No.: 2:20-cv-03444-MEMF-PVC<br>*Hon. Maame Ewusi-Mensah Frimpong Courtroom 8B*<br><br>**PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SPECIALLY SET A HEARING ON PLAINTIFFS' MOTION FOR CLARIFICATION**<br><br>*(Filed concurrently with Declaration of Ryan D. Saba; [Proposed] Order)*<br><br><br>Trial Date:   August 21, 2023 |

1

PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SPECIALLY SET A HEARING ON PLAINTIFFS' MOTION FOR CLARIFICATION

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs Skye Orthobiologics, LLC ("Skye") and Human Regenerative Technologies, LLC ("HRT") (collectively "Plaintiffs") will, and hereby do, apply *ex parte* for an order to specially set a hearing on Plaintiffs' Motion for Clarification [Docket # 250].

This *Ex Parte* Application is made pursuant to *Federal Rules of Civil Procedure*, Rule 6(c)(1)(C), Department 8B's Civil Standing Order § XI, and Local Rule 7-19. Good cause exists to grant this application on an expedited, *ex parte* basis because:

1. Trial is set to begin on August 21, 2023.

2. The first round of trial filings is due on June 28, 2023.

3. On May 25, 2023, the Court issued its Order Granting in Part Motion for Summary Judgment. [Docket # 248.]

4. Upon reviewing the Court's order, Plaintiffs determined they needed to file a Motion for Clarification on a specific issue to allow all parties to better prepare for trial.

5. The issue for clarification is: If Defendants did not challenge an alleged trade secret in violation of the Defend Trade Secrets Act ("DTSA") and RICO counts, are Plaintiffs prohibited from presenting that claim at the time of trial?

6. Specifically, whether Plaintiffs' allegations regarding HRT's trade secret product **formula** as opposed to its manufacturing process, remain at issue for trial.

7. Defendants did not challenge the formula in their Motion for Summary Judgment.

8. Despite diligent efforts to schedule a hearing on this matter, the Court's hearing schedule does not have any available hearing dates between now and the trial date.

9. The first available hearing date, that is not listed as "closed" on the Court website, is Thursday, October 5, 2023. Accordingly, Plaintiffs selected the October 5, 2023 date.

10. Additionally, deciding the Plaintiffs' Motion for Clarification expeditiously

2

PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SPECIALLY SET A HEARING ON PLAINTIFFS' MOTION FOR CLARIFICATION



would benefit both sides – allowing the parties to have clarity of the issues while preparing for trial and prepare for trial more efficiently, while preserving fairness.

Pursuant to Local Rule 7-19.1, counsel met and conferred via telephone conference call on June 5, 2023, and discussed the substance of this *Ex Parte* Application. [Declaration of Ryan D. Saba at ¶ 12.] Opposing counsel stated they would **not** oppose this *Ex Parte* Application to specially set a hearing on Plaintiffs' Motion for Clarification of the Court's Order Granting in Part Motion for Summary Judgment [Docket # 248]. [Saba Decl. ¶ 13.]

Notice of this *Ex Parte* Application was provided via telephone conference call on June 5, 2023. [Saba Decl. ¶ 12.]

This *Ex Parte* Application is based on the accompanying Memorandum of Points and Authorities; Declaration of Ryan D. Saba and exhibits attached thereto; the entire court file in this matter, and such further evidence as will be presented at the hearing for this Application.

DATED: June 7, 2023                            ROSEN ✧ SABA, LLP

By:  /s Ryan Saba
     Ryan D. Saba, Esq.
     Todd M. Lander, Esq.
     Laura Kelly St. Martin, Esq.
     Neda Farah, Esq.
     Attorneys for Plaintiffs
     SKYE ORTHOBIOLOGICS, LLC and
     HUMAN REGENERATIVE
     TECHNOLOGIES, LLC



# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Skye Orthobiologics, LLC ("Skye") and Human Regenerative Technologies, LLC ("HRT") (collectively "Plaintiffs") submit that good cause exists to specially set a hearing on their Motion for Clarification of the Court's Order Granting in Part Motion for Summary Judgment [Docket # 248]. As set forth in the Motion for Clarification, filed contemporaneously with this *Ex Parte* Application, Plaintiffs seek clarification of this Court's May 25, 2023 Order Granting in Part Motion for Summary Judgment. However, there are no available hearing dates in Department 8B from now until the time of Trial set for August 21, 2023. The first available hearing date is October 5, 2023. With the first round of trial filings due June 28, 2023, deciding Plaintiffs' Motion for Clarification on an expedited basis would remove any confusion and allow the parties to effectively prepare for trial.

Importantly, opposing counsel do not oppose this *Ex Parte* Application to specially set a hearing on Plaintiffs' Motion for Clarification. [Declaration of Ryan D. Saba, ¶ 12.]

## II.   GOOD CAUSE EXISTS TO GRANT THIS *EX PARTE* APPLICATION

This Court has the authority to specially set a motion hearing upon a showing of good cause. *See*, *Federal Rules of Civil Procedure*, Rule 6(c)(1)(C) (an exception to the normal notice and motion service time applies "when a court order--which a party may, for good cause, apply for ex parte--sets a different time.").

Good cause exists to grant this *Ex Parte* Application. Trial in this matter is set to begin on August 21, 2023. [Docket #247.] The first round of trial filings is due on June 28, 2023. [*Id.*] These include Motions in Limine, Exhibit Lists, Witness Lists, and Memorandum of Contentions of Law and Fact. On May 25, 2023, the Court issued its Order Granting in Part Motion for Summary Judgment. [Docket #248.] Upon reviewing the Court's order, Plaintiffs determined they needed to file a Motion for Clarification on a specific issue to allow all parties to prepare for trial. [Saba Decl. ¶ 5.] As set forth in detail



1

PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SPECIALLY SET A HEARING ON PLAINTIFFS' MOTION FOR CLARIFICATION

in the Motion for Clarification, the issue for clarification is whether certain of Plaintiffs' alleged trade secrets remain at issue in this litigation under Plaintiffs' Defend Trade Secrets Act and RICO causes of action. Specifically, Plaintiffs seek clarification that certain HRT's trade secret product **formula** is still at issue considering defendants did not challenge this trade secret as part of the Motion for Summary Judgment. [Saba Decl. ¶¶ 6-8.]

Despite diligent efforts to schedule a hearing on this matter, the Court's hearing schedule does not have any available hearing dates between now and the trial date. [Saba Decl. ¶¶ 9-10.] Additionally, deciding the Plaintiffs' Motion for Clarification expeditiously would benefit both sides – allowing the parties to have clarity of the issues while preparing for trial and prepare for trial more efficiently, while preserving fairness.

Finally, opposing counsel confirmed that they would not oppose this *Ex Parte* Application to specially set a hearing on Plaintiffs' Motion. [Saba Decl. ¶ 13.]

Therefore, based on the above, good cause exists to specially set a hearing on Plaintiffs' Motion for Clarification.

### III. PLAINTIFFS COMPLIED WITH NOTICE REQUIREMENTS

Pursuant to Local Rule 7-19.1, counsel met and conferred via telephone conference call on June 5, 2023, and discussed the substance of this *Ex Parte* Application. [Saba Decl. ¶ 12.] Counsel for all opposing parties stated they would **not** oppose this *Ex Parte* Application to specially set a hearing on Plaintiffs' Motion for Clarification. [Saba Decl. ¶ 13.] Notice of this *Ex Parte* Application was provided via telephone conference call to opposing counsel on June 5, 2023. [Saba Decl. ¶ 12.]

/ / /

/ / /



## IV. CONCLUSION

Based on the foregoing, good cause exists to specially set a hearing on Plaintiffs' Motion for Clarification.

DATED: June 7, 2023                                     ROSEN ✧ SABA, LLP

By:   /s Ryan Saba
      Ryan D. Saba, Esq.
      Todd M. Lander, Esq.
      Laura Kelly St. Martin, Esq.
      Neda Farah, Esq.
      Attorneys for Plaintiffs
      SKYE ORTHOBIOLOGICS, LLC and
      HUMAN REGENERATIVE
      TECHNOLOGIES, LLC

3

PLAINTIFFS' NOTICE OF *EX PARTE* APPLICATION AND *EX PARTE* APPLICATION TO SPECIALLY SET A HEARING ON PLAINTIFFS' MOTION FOR CLARIFICATION