Paul T. Martin (SBN 155367)
 pmartin@hgla.com
Thomas H. Case (SBN 116660)
 tcase@hgla.com
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
Telephone: (310) 305-2100
Facsimile: (310) 305-2116

Robert J. Fluskey, Jr. *(pro hac vice)*
 rfluskey@hodgsonruss.com
Ryan K. Cummings *(pro hac vice)*
 rcumming@hodgsonruss.com
Matthew K. Parker *(pro hac vice)*
 mparker@hodgsonruss.com
HODGSON RUSS LLP
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202-4040
Telephone: (716) 856-4000
Facsimile: (716) 849-0349

Attorneys for Defendants
CTM Biomedical, LLC, Bryan Banman,
CTM Medical, Inc., and Pablo Seoane

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| SKYE ORTHOBIOLOGICS, LLC, a Delaware Limited Liability Company, HUMAN REGENERATIVE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br>        Plaintiffs,<br><br>vs.<br><br>CTM BIOMEDICAL, LLC, a Delaware Limited Corporation; BRYAN BANMAN, an individual; CTM MEDICAL INC., a Delaware Corporation; VETERANS MEDICAL DISTRIBUTORS, INC.; a Florida Corporation; GARDNER ROGERS, an individual; MIKE STUMPE, an individual; PABLO SEOANE aka PAUL SEOANE, an individual; NATHAN BOULAIS, an individual; and DOES 3 through 10, inclusive,<br><br>        Defendants. | Civil Case No. 2:20-cv-03444-MEMF (PVCx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BRYAN BANMAN'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION OF THE COURT'S SUMMARY JUDGMENT DECISION**<br><br>Date: October 5, 2023<br><br>Time: 10:00 a.m.<br><br>Courtroom: 8B |

Defendant Bryan Banman respectfully submits this motion for clarification, or in the alternative, for partial reconsideration of one section of the Court's Order Granting in Part Motion for Summary Judgment (ECF No. 248) (the "Summary Judgment Order").

**PRELIMINARY STATEMENT**

Banman seeks clarity on precisely what items of allegedly "confidential information" remain in Counts 4 and 5 of the Fourth Amended Complaint (the "Complaint"), as addressed by the Court at pages 44-45 of its Summary Judgment Order.

In Count 4 of the Complaint, Plaintiff Human Regenerative Technologies, Inc. ("HRT") alleged that Banman breached a confidentiality provision in an HRT Consulting Agreement/Compensation contract. ECF No. 130 at ¶¶ 203-209. In Count 5, Plaintiff Skye Orthobiologics, LLC ("Skye") alleged that Banman breached a confidentiality provision in a Skye Employee Confidentiality Agreement. *Id.* at ¶¶ 210-216. HRT and Skye asserted these Counts only against Banman, as Banman was the only counter-signatory to those contracts.

In moving for summary judgment on Counts 3 (violation of the Defend Trade Secrets Act (the "DTSA")), 4, and 5, the CTM Defendants (which included Banman[1]) argued, *inter alia*, that the undisputed evidence proved that they **did not use or disclose** any of Plaintiffs' alleged trade secret or confidential information. When analyzing this non-use/non-disclosure argument with respect to Plaintiffs' DTSA claim, the Court found that Plaintiffs failed to establish a genuine issue of material fact as to whether the CTM Defendants had used or disclosed several items of alleged trade secret and confidential information, and the Court substantially limited the DTSA claim on that basis. *See* ECF No. 248 at 38-42. As to Counts 4 and 5 against Banman, the Court indicated that it was granting partial summary judgment, but it did not expressly address again the items of information for which it had already found non-use or non-disclosure. *Id.* at 44-45.

Banman contends that the items of alleged trade secret or confidential information for which the Court found no evidence of use or disclosure by Banman cannot remain in the case as part of

---

[1] In the motion for summary judgment, the CTM Defendants were defined to include Bryan Banman, CTM Biomedical, LLC ("CTM"), CTM Medical, Inc. ("CTM Med"), and Pablo Seaone. *See* ECF No. 211 at 1.

Counts 4 and 5. To succeed in their argument that Banman breached confidentiality provisions in the HRT and Skye contracts that are the subject of Counts 4 and 5, HRT and Skye must show that, among other things, Banman used or disclosed confidential information. To the extent that this Court has already ruled that Banman did not use or disclose certain information, that information should be expressly excised from Counts 4 and 5, and Banman should be granted partial summary judgment as to that information. This may have been the Court's intent, but that remains unclear to Banman. If this alleged trade secret and confidential information is not removed from Counts 4 and 5, part of the Court's Summary Judgment Order could be rendered meaningless, as Plaintiffs could argue to the jury that Banman used or disclosed the very information for which this Court already found no evidence of use or disclosure. Plaintiffs' refusal to consent to this clarification request indicates that this is the exact strategy they intend to pursue.

Accordingly, Banman seeks a clarifying Order, or a modified Order, that expressly grants Summary Judgment to Banman on Counts 4 and 5 with respect to all items of alleged trade secret and/or confidential information for which the Court found no genuine dispute of fact as to non-use and non-disclosure (as identified and referenced on pages 38-42 of the Summary Judgment Order). This would include the following items: (i) all items in Categories 3-6, as identified on pages 29-32 and 42 of the Court's Summary Judgment Order; (ii) all items in Category 2, except for order history information concerning Dr. Ertl, Eskenazi, Ethan Chappel, and Community, as identified on pages 28-29, 32-33, and 39-41 of the Court's Summary Judgment Order, and (iii) all items in Category 7, except for Skye's sales representative training methods, as identified on pages 32-33, and 39-42 of the Court's Summary Judgment Order.

**RELEVANT PROCEDURAL HISTORY**

I. **The CTM Defendants' arguments and evidence of non-use and non-disclosure**

Plaintiffs' Fourth Amended Complaint (ECF No. 130) contains multiple causes of action. Relevant to this motion are Counts 3 (alleged violation of the DTSA against the CTM Defendants), 4 (alleged breach of an HRT against Banman), and 5 (alleged breach of a Skye contract against Banman).

In their motion for summary judgment, the CTM Defendants moved to dismiss the DTSA claim primarily on three grounds: (1) Plaintiffs failed to sufficiently identify *any* of the trade secrets at issue (ECF No. 211-1 at 48-55); (2) certain items of information were not protectable as trade secrets as a matter of law (*id.* at 55-58); and (3) the CTM Defendants did not use or disclose any of Plaintiffs' alleged trade secret or confidential information. ECF No. 211-1 at 73-75; *see also* SOF ¶¶ 106-144. In support of the motion for summary judgment on the breach of contract claims of Counts 4 and 5, Banman argued, *inter alia*, that the evidence indisputably proved that he did not use or disclose any of Plaintiffs' confidential or trade secret information. ECF No. 211-1 at 80-81; *see also* SOF ¶¶ 106-144.

When opposing Banman's non-use and non-disclosure arguments with respect to Counts 4 and 5, Plaintiffs acknowledged that their "trade secret information" and "confidential information" are one and the same. They did not identify any differences between those categories. They presented only two arguments: (1) there existed disputes of material fact as to whether certain trade secrets and/or confidential information were used or disclosed; and (2) the non-solicitation provision of the Skye agreement should survive summary judgment, irrespective of any findings of non-use or non-disclosure of confidential information. ECF No. 211-1 at 80-81.

## II. The Court's ruling on non-use and non-disclosure with respect to multiple categories of trade secret and/or confidential information

The Court carefully examined the CTM Defendants' non-use and non-disclosure arguments and evidence on pages 38-42 of the Summary Judgment Order. ECF No. 248 at 38-42. In so doing, the Court considered each category of trade secrets and/or confidential information that the Court found that Plaintiffs had sufficiently identified in their interrogatory responses: Trade Secret Category No. 2 (Skye's Customer Lists and Information); Trade Secret Category No. 3 (The Skye Plaintiff's Research Physician Information); Trade Secret Category No. 4 (Skye's Employee and Sales Representative Information); Trade Secret Category No. 5 (Skye and HRT's Business Operations); Trade Secret Category No. 6 (Skye's Customer Pricing Information); Trade Secret Category No. 7 (Skye's Marketing and Sales Strategies). *Id.* at 39; *see also* ECF No. 211-4 (Fluskey Dec. Ex. 1 at 4-16, which are Skye's interrogatory responses that purport to identify the

Skye trade secrets and confidential information); ECF No. 211-4 (Fluskey Dec. Ex. 2 at 4-12, which are HRT's Interrogatory Responses that purport to identify the HRT trade secrets and confidential information).[2]

Based on the detailed evidentiary record, that Court found that the CTM Defendants had carried their initial burden of production as to non-use and non-disclosure for all categories of alleged trade secret and confidential information (ECF 248 at 38) and that, in response, Plaintiffs failed to create a genuine issue of material fact as to Categories 3-6 and as to multiple items in Categories 2 and 7. *Id.* at 39-42.

As to Categories 3-6, the Court noted that Plaintiffs had not pointed to any evidence of use or disclosure and that "[d]uring the hearing on this matter, counsel for Skye Plaintiffs acknowledged that they did not expressly identify in their briefing how these secrets were disclosed or misappropriated." ECF No. 248 at 42-43.

As to Category 2, the Court found, as a matter of undisputed fact, that the CTM Defendants (including Banman) had not used or disclosed any trade secrets or confidential information, with the limited exception of order history information concerning Dr. Ertl, Eskenazi, Ethan Chappel, and Community. *Id.* at 39-40.

As to Category 7, the Court found, as a matter of undisputed fact, that the CTM Defendants (including Banman) had not used or disclosed any trade secrets or confidential information, with the limited exception of Seoane (**not Banman**) potentially using or disclosing Skye's "coding reimbursement guide, FDA language, and indication language." *Id.* at 41.

As a result of this analysis, the Court concluded that only the following trade secrets remain as part of the DTSA and RICO claims due to questions of fact as to use and disclosure: Trade Secret Category No. 2 (Skye's Customer Lists and Information—specifically, with respect to Dr. Ertl, Eskenazi, Ethan Chappel, and Community); and Trade Secret Category No. 7 (Skye's Marketing and Sales Strategies—specifically, Skye Plaintiffs' Sales Representative Training

---

[2] Each "Category" of trade secrets and/or confidential information was taken directly from the text of Plaintiffs' interrogatory responses. Neither the CTM Defendants nor the Court created these categories. This was how Plaintiffs chose to make their (insufficient) trade secret disclosure.

Methods). *Id.* at 43 & 61. As to Category 7, the Court found these issues of fact only with respect to CTM and Seoane. *Id.* at 41.

### III. The Court's ruling on Counts 4 and 5

In analyzing Counts 4 and 5 of the Complaint, the Court indicated that "The CTM Defendants are entitled to partial summary judgment on the breach of contract claim (Count 4-5)." *Id.* at 44 (Heading C). However, the Court did not expressly address the items of trade secret and/or confidential information for which it had already found no issues of fact as to non-use and non-disclosure.

## ARGUMENT

### I. Applicable Legal Standards

A District Court has the inherent authority to clarify or modify prior decisions. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *United States v. All Assets Held at Bank Julius, Baer & Company*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018); *see also Air & Liquid Sys. Corp. v Allianz Underwriters Ins. Co.*, 2014 WL 4060309, at *14 (W.D. Pa. Aug. 15, 2014). "Although such a motion cannot open the door to re-litigating a matter that the court has considered and decided, courts . . . have encouraged parties to file motions for clarification when they are uncertain about the scope of a ruling." *Adams v. Symetra Life Ins. Co.*, 2020 WL 4814249, at *1 (D. Ariz. Aug. 19, 2020). A motion for clarification is "especially prudent if the parties must implement the ruling at issue at subsequent stages of the litigation." *All Assets Held at Bank Julius, Baer & Company*, 315 F. Supp. 3d at 99.

In addition, under Local Rule 7-18, a Court may grant reconsideration of a prior decision on multiple grounds, including "a manifest showing of a failure to consider material facts presented to the Court before such decision." Whether to grant a motion for reconsideration under Local Rule 7-18 is a matter within the Court's discretion. *See Milton H. Greene Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008) (granting motion for reconsideration of summary judgment order).

## II. Request for Clarification, or in the Alternative, Reconsideration as to Counts 4 and 5

To succeed on their breach of contracts claims against Banman in Counts 4 and 5, HRT and Skye must establish that Banman used or disclosed confidential information protected by enforceable provisions of those agreements. Proving use or disclosure is a necessary element of their breach claims. ECF No. 130 (Complaint) ¶¶ 206-207, 213-214. This Court has ruled that there are no material factual disputes with respect to Banman's *non*-use and *non*-disclosure of certain alleged trade secret and confidential information—namely, all information in Categories 3-6, and all information in Category 2, with the exception of order history information concerning Dr. Ertl, Eskenazi, Ethan Chappel, and Community, and all information in Category 7, with the exception of Skye's sales representative training methods. ECF No. 248 at 39-43. Those items of information should not remain as part of Counts 4 and 5. If they did remain, the Court's finding of non-use and non-disclosure could be rendered ineffectual, and Plaintiffs would effectively be allowed to try elements of a claim that have already been disposed of on summary judgment. Banman believes that it may have been the Court's intention to narrow Counts 4 and 5 to exclude the information for which the Court found non-use and non-disclosure, which would be consistent with pages 38-42 of the Summary Judgment Order. If that is so, he seeks a clarifying order. If that was not the Court's intention, he respectfully requests that the Court reconsider the issue.

When presenting their case under Counts 4 and 5, Plaintiffs should not be permitted to argue at trial that Banman used or disclosed certain "trade secret" or "confidential information" if the Court has already found, on summary judgment, that Plaintiffs have proffered no evidence of such use or disclosure. Banman presented evidence of non-use and non-disclosure as to each category of alleged trade secret and confidential information identified by Plaintiffs in discovery. ECF No. 211-1 at 80-81; *see also* SOF ¶¶106-144. The Court found that the CTM Defendants had carried their initial burden of production as to non-use and non-disclosure for all categories (ECF 248 at 38) and that Plaintiffs failed to create a genuine issue of material fact as to Categories 3-6 and as to multiple items in Categories 2 and 7. *Id.* at 39-42. While the Court's analysis of non-use and non-disclosure is part of the DTSA section of the Summary Judgement Order, that analysis should carry forward to any alleged "confidential information" of Counts 4 and 5.

Plaintiffs might try to evade this logical result by arguing that there could be some purported difference between the categories of information that the Court analyzed on pages 38-42 of its Summary Judgment Order (which was taken directly from Plaintiffs' interrogatory responses) and the "confidential information" that Plaintiffs intend to pursue at trial under Counts 4 and 5. But that argument fails for multiple reasons. First, to the extent that there is overlap between the categories analyzed by the Court on pages 38-42 and the alleged "confidential information" of Counts 4 and 5, the Court's non-use and non-disclosure ruling should apply to all Counts. Regardless of whether one titles the information as "trade secrets" or as "confidential information," the Court found no issues of material fact as to non-use and non-disclosure. Second, there is no difference between Plaintiffs alleged "trade secrets" and their alleged "confidential information." Throughout this entire case, Plaintiffs have always referred to their purported "trade secrets" and "confidential information" as one and the same. *See, e.g.,* ECF No. 130 (Complaint) ¶¶ 206-207, 213-214. They have never identified any confidential information allegedly used or disclosed by Banman separate from what they identified as alleged trade secret information. Indeed, when describing how Banman allegedly misappropriated trade secret information in their interrogatory responses, Plaintiffs specifically alleged that Banman misappropriated that information by breaching the confidentiality provisions of his contracts with Plaintiffs. *See* ECF No. 211-4 (Fluskey Dec. Ex. 1 (Skye's Interrogatory Responses) at 28-32, Ex. 2 (HRT's Interrogatory Responses) at 21-26). And importantly, Banman seeks to exclude from Counts 4 and 5 only the confidential information that the Court analyzed in the Summary Judgment Order and for which the Court found no evidence of use or disclosure by Banman.

## **CONCLUSION**

For the foregoing reasons, Banman respectfully requests that the Court (1) issue a clarifying Order confirming that the items of confidential and/or trade secret information for which the Court found no evidence of use and/or disclosure by Banman (the items identified in Categories 3-6 in their entirety, and the items identified in Categories 2 and 7, with the exception of order history information concerning Dr. Ertl, Eskenazi, Ethan Chappel, and Community and Skye's sales representative training methods), are no longer part of Counts 4 and 5 and did not survive summary

judgment; or (2) in the alternative, partial reconsideration of the Summary Judgment Order with respect to Counts 4 and 5 only and, upon reconsideration, an Order indicating that the items of confidential and/or trade secret information for which the Court found no evidence of use and/or disclosure by Banman (the items identified in Categories 3-6 in their entirety, and the items identified in Category 2, with the exception of order history information concerning Dr. Ertl, Eskenazi, Ethan Chappel, and Community, and Category 7, with the exception of Skye's sales representative training methods), are no longer part of Counts 4 and 5.

Dated:  June 8, 2023

**HODGSON RUSS LLP**
*Attorneys for Defendants*
*CTM Biomedical, LLC, Bryan Banman, CTM Medical, Inc., and Pablo Seoane*

By: *s/Robert J. Fluskey, Jr.*

Robert J. Fluskey, Jr. *(pro hac vice)*
Ryan K. Cummings *(pro hac vice)*
Matthew K. Parker *(pro hac vice)*
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
*rfluskey@hodgsonruss.com*
*rcumming@hodgsonruss.com*
*mparker@hodgsonruss.com*

Paul T. Martin (SBN 155367)
   *pmartin@hgla.com*
Thomas H. Case (SBN 116660)
   *tcase@hgla.com*
HENNELLY & GROSSFELD LLP
10900 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Telephone:  (310) 305-2100
Facsimile:  (310) 305-2116

16557743v5