**ROSEN ✧ SABA, LLP**
RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
TODD M. LANDER, ESQ. (State Bar No. 173031)
tlander@rosensaba.com
LAURA KELLY St. MARTIN (State Bar No. 260966)
lstmartin@rosensaba.com
NEDA FARAH, ESQ. (State Bar No. 269819)
nfarah@rosensaba.com
El Segundo, California 90245
Telephone:   (310) 285-1727
Facsimile:   (310) 285-1728
Attorneys for Plaintiffs,
SKYE ORTHOBIOLOGICS, LLC and
HUMAN REGENERATIVE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE ORTHOBIOLOGICS, LLC, a Delaware Limited Liability Company, HUMAN REGENERATIVE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,<br><br>*Plaintiffs*,<br><br>v.<br><br>CTM BIOMEDICAL, LLC, a Delaware Limited Liability Corporation; BRYAN BANMAN, an individual; CTM MEDICAL, INC., a Delaware Corporation; VETERANS MEDICAL DISTRIBUTORS, INC.; a Florida Corporation; GARDNER ROGERS, an individual; MIKE STUMPE, an individual; PABLO SEOANE aka PAUL SEOANE, an individual; NATHAN BOULAIS, an individual, and DOES 3 through 10, inclusive,<br><br>*Defendants*. | Case No.: 2:20-cv-03444-MEMF-PVC<br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES FOR PLAINTIFFS' MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OF DISMISSED CLAIMS AND PARTIES**<br><br>Final Pretrial Conference<br>Date:   August 2, 2023<br>Time:   9:00 am<br>Dept:   8B<br><br>Trial Date:   August 21, 2023 |



## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND

At trial, Plaintiffs anticipate that the Defendants will attempt to introduce evidence of dismissed parties, Gardner Rogers and Veteran's Medical Distributors ("VMD"). Rogers/VMD settled with Plaintiffs. Thereafter Rogers and VMD were voluntarily dismissed [Docket #206].

The reason for this motion is because Defendants raised Rogers in the preliminary statement of their Motion for Summary Judgment: "As part of their effort to make litigation as destructive as possible. Plaintiffs even named Gardner Rogers, who merely checked CTM's mail and deposited checks for the company." [Docket 211-1 at p. 1 (p. 23 of the full document) lines 11-13.] Plaintiffs named Rogers and VMD in their complaint in good faith. Settling claims and voluntarily dismissing parties is a common practice in litigation and ultimately saves time and Court resources. The fact that these parties were named, settled, and then were dismissed has absolutely no bearing on any issue in this case.

Additionally, Plaintiffs' claims for conversion against Defendants (Count 6 and 7) were dismissed by way of the Summary Judgment Order. [Docket #248 at pp. 46-47.] There were also parts of the DTSA claim that were dismissed as well.

Plaintiffs respectfully request that this Court exclude any evidence, argument, statement, reference to, or testimony regarding parties and claims that have been dismissed as irrelevant and creating a danger that Plaintiffs will be prejudiced. The only reason to offer this evidence is to paint Plaintiffs in a negative light, insinuating that Plaintiffs are unreasonable or frivolous, appealing to the jurors' sympathies rather than having any bearing on the issues in this case.

## II. LEGAL ARGUMENT

### A. Evidence of Dismissed Parties and Claims Has No Bearing on Any Issue in this Case

Only relevant evidence, defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence" is admissible in federal court. Fed. R. Evid. 401, 402.

Plaintiffs anticipate that the Defendants will attempt to present evidence that Plaintiffs sued and dismissed Rogers and VMD, and that the conversion claim against Defendants were dismissed. Further, Defendants should not be permitted to refer to the Court's decision to dismiss part of the DTSA claim. This evidence has no bearing whatsoever on whether or not Defendants stole and/or misappropriated trade secrets and confidential information, and conspired with the other Defendants to do so, whether Mr. Banman interfered with Skye's customers, whether Mr. Banman breached the terms of his agreements, or whether he breached his fiduciary duties to Plaintiffs. Therefore, evidence of dismissed parties is inadmissible under Rules 401 and 402.

### B. Evidence of Dismissed Claims and Parties is Unfairly Prejudicial to Plaintiffs

Otherwise relevant and admissible evidence may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. District courts have broad discretion in assessing admissibility under Rule 403. *JM Mfg. Co., Inc. v. Affiliated FM Ins. Co.*, No. 2:19-cv-05550-MEMF-SKX, 2023 WL 3096416, at *3 (citing *Hardeman v. Monsanto Co.*, 997 F.3d 941, 967 (9th Cir. 2021), cert. denied, 142 S. Ct. 2834 (2022) ["A district court's Rule 403 determination is subject to great deference, because the considerations arising under Rule 403 are susceptible only to case-by-case determinations, requiring examination of the surrounding facts, circumstances, and issues."].)



Claims and/or parties that have been dismissed have absolutely no bearing on any issue in this case and would be introduced solely to appeal to social or economic prejudices of the jury which could persuade the jury to award damages on an improper basis. The purpose is to create a negative impression of the Plaintiffs as frivolously adding parties and claims, needlessly dragging people into litigation, which were later dismissed. This evidence also poses a danger of confusing the jury into thinking that a third party, or "empty chair", may be responsible for the Defendants' actions.

The Judicial Counsel of California understood the prejudicial nature of this type of evidence by creating two separate jury instructions, one at the beginning and one at the conclusion of trial, admonishing the jury: "Do not speculate as to why [dismissed claim/party] is no longer involved in the case. You should not consider this during your deliberations." CACI 109, 5007.

Here, evidence of claims and parties that are not at issue in this case have no bearing on any of the issues remaining in this case. Any marginal relevance is substantially outweighed by the risk of undue, harmful prejudice against Plaintiffs and substantial confusion among the jury.

Therefore, evidence of dismissed parties and claims is improper under Rules 401, 402, and 403.

### III.   CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Court exclude any evidence, testimony, argument, or reference to Gardner Rogers, VMD, or the conversion claim against defendants or that they were dismissed from this action.



| | |
|---|---|
| DATED: July 3, 2023 | ROSEN ✧ SABA, LLP |
| | By: /s Ryan Saba |
| | Ryan D. Saba, Esq. |
| | Todd M. Lander, Esq. |
| | Laura Kelly St. Martin, Esq. |
| | Neda Farah, Esq. |
| | Attorneys for Plaintiffs |
| | SKYE ORTHOBIOLOGICS, LLC and HUMAN REGENERATIVE TECHNOLOGIES, LLC |