ROSEN ✧ SABA, LLP

RYAN D. SABA, ESQ. (State Bar No. 192370)
rsaba@rosensaba.com
JAMES R. ROSEN, ESQ. (State Bar No. 119438)
jrosen@rosensaba.com
TODD M. LANDER, ESQ. (State Bar No. 173031)
tlander@rosensaba.com
LAURA KELLY St. MARTIN (State Bar No. 260966)
lstmartin@rosensaba.com
NEDA FARAH, ESQ. (State Bar No. 269819)
nfarah@rosensaba.com
El Segundo, California 90245
Telephone:    (310) 285-1727
Facsimile:    (310) 285-1728
Attorneys for Plaintiffs,
SKYE ORTHOBIOLOGICS, LLC and
HUMAN REGENERATIVE TECHNOLOGIES, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

SKYE ORTHOBIOLOGICS, LLC, a Delaware Limited Liability Company, HUMAN REGENERATIVE TECHNOLOGIES, LLC, a Delaware Limited Liability Company,

*Plaintiffs*,

v.

CTM BIOMEDICAL, LLC, a Delaware Limited Liability Corporation; BRYAN BANMAN, an individual; CTM MEDICAL, INC., a Delaware Corporation; VETERANS MEDICAL DISTRIBUTORS, INC.; a Florida Corporation; GARDNER ROGERS, an individual; MIKE STUMPE, an individual; PABLO SEOANE aka PAUL SEOANE, an individual; NATHAN BOULAIS, an individual, and DOES 3 through 10, inclusive,

*Defendants*.

Case No.: 2:20-cv-03444-MEMF-PVC
*Hon. Maame Ewusi-Mensah Frimpong*

**PLAINTIFFS' TRIAL BRIEF REGARDING THE SCOPE OF DEFENDANTS' REBUTTAL EXPERT TESTIMONY AT TRIAL**

Additional Final Pretrial Conference
Date:      August 16, 2023
Time:      3:00 am
Dept:      8B

Trial Date:   August 21, 2023

<div style="writing-mode: vertical-rl">ROSEN ✧ SABA, LLP

2301 Rosecrans Avenue, Suite 3180, El Segundo, CA 90245</div>



**TO THIS HONORABLE COURT:**

### I.     INTRODUCTION

Plaintiffs Skye Orthobiologics, LLC and Human Regenerative Technologies, LLC (together, "Plaintiffs") hereby submit this Trial Brief to discuss the scope of Defendants' rebuttal experts James Forsell, Rouzbeh Taghizadeh, and James Donohue's testimony at the time of trial.

### II.     PROCEDURAL HISTORY

On April 5, 2022, this Court modified its Schedule of Pretrial and Trial Dates to require the parties to serve their Initial Expert Disclosures on October 19, 2022 pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2)(B) and/or (C). [Docket #152] The Court also allowed the parties to provide Rebuttal Expert Disclosures by November 2, 2022 pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2)(D)(ii) ("if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C).")

On August 18, 2022, this Court issued a Civil Trial Order again setting forth the above dates regarding expert witnesses. [Docket #172]

On October 13, 2022, this Court modified the Civil Trial Order to extend the time for the parties to submit rebuttal expert reports from November 2, 2022 until November 16, 2022. [Docket #199.]

On October 19, 2022, Plaintiffs served expert disclosures and reports designating John Lee, Dan Cislo and Henry Kahrs as their expert witnesses pursuant to Rule 26(a)(2)(B). Plaintiffs designated Joe Spell as their expert witness pursuant to Rule 26(a)(2)(C).

On October 19, 2022, the CTM Defendants served a Rule 26(a)(2)(C) disclosure designating himself as an expert.  Defendant Stumpe served a Rule 26(a)(2)(C) disclosure designating himself as an expert. No Defendant designated any Rule 26(a)(2)(B) expert and no reports were served by the Defendants.

On November 16, 2022, the CTM Defendants served their rebuttal expert disclosure and reports of Rouzbeh Taghizadeh, James Forsell, and James Donohue.  Defendants Stumpe and Boulais joined in the rebuttal expert reports served by the CTM Defendants.

PLAINTIFFS' TRIAL BRIEF RE SCOPE OF REBUTTAL EXPERT TESTIMONY AT TRIAL

ROSEN ◇ SABA, LLP

III.    **LEGAL ANALYSIS AND QUESTION PRESENTED**

FRCP 26(a)(2)(A) requires that a party disclose the identity of any expert it may use at trial. *Palm Cap., LLC v. Travelers Prop. Cas. Co. of Am.*, No. CV15-6385-DMG-PJWX, 2017 WL 5665010, at *1 (C.D. Cal. Apr. 3, 2017). According to Rule 26(a)(2)(D), parties must make disclosures at the times and in the sequence that the court orders. *Id.* As to rebuttal experts, Rule 26(a)(2)(D)(ii) states that a party must provide the name and expert report of any additional expert whose testimony will be used solely to contradict or rebut evidence on the same subject matter identified by the opposing party's expert. *Id. "*Under Rule 37(c), a court may exclude evidence not properly disclosed or supplemented unless the failure to disclose 'was substantially justified or is harmless.' Fed. R. Civ. P. 37(c)" *Id.* citing to *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

The question presented to this Court is as follows: If Plaintiffs elect not to call a particular expert witness and/or limit a particular expert witness' testimony in their case in chief, does that preclude Defendants from eliciting opinions from their rebuttal experts beyond the scope of the Plaintiffs' expert's testimony at trial?

IV.    **ARGUMENT**

A. *Rebuttal Experts Testimony and Opinions Should be Limited to the Scope of Plaintiffs' Expert Witnesses' Testimony at Trial*

This issue before this Court was previously discussed in a similar case called *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, No. C-93-20326 RPA, 1995 WL 115421, at *3 (N.D.Cal. 1995). There, the court held that under Rule 26(a)(2)(C)'s disclosure mechanism, a party may designate additional experts with one caveat: the additional experts' testimony is limited to rebutting or contradicting the expert testimony designated by the opposing party. The supplemental or "rebuttal" experts ***cannot*** put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts. "**In this respect, a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter**. **A party who forgoes designating experts on the**

2

ROSEN ◇ SABA, LLP

1   **initial disclosure date will thus find itself in a purely reactive mode, greatly restricted in its**

2   **ability to offer expert testimony.**" *Id.* (Emphasis added).

3        This is a well settled issue. "As other courts have recognized, '[t]he principal objective of

4   rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's

5   case.'" *Alsadi v. Intel Corp.*, No. CV-16-03738-PHX-DGC, 2019 WL 4849482, at *12 (D. Ariz.

6   Sept. 30, 2019) *citing to Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

7   The court in *Alsadi* also cited to *Int'l Bus. Machines Corp., supra*, at 3, quoting "[A] party can

8   control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts'

9   testimony to a given subject matter. A party who forgoes designating experts on the initial

10  disclosure date will thus find itself in a purely reactive mode, greatly restricted in its ability to

11  offer expert testimony." *Alsadi v. Intel Corp.*, at 12.

12       "As such, rebuttal evidence may be used to challenge the evidence or theory of an

13  opponent – and not to establish a case-in-chief." *Id.* citing to *Ellis v. Corizon, Inc.*, No. 1:15-CV-

14  00304-BLW, 2018 WL 6268199, at *5 (D. Idaho Nov. 30, 2018) (precluding the plaintiff's

15  rebuttal expert from testifying in the case-in-chief and noting that if defendants decided not to

16  present their experts at trial, the plaintiff would be foreclosed from putting his rebuttal expert on

17  the stand); *Danganan v. Am. Family Mut. Ins.*, No. 2:17-CV-02786-RFB-PAL, 2018 WL

18  3660198, at *4 (D. Nev. Aug. 2, 2018) (same); *Kirksey v. Schindler Elevator Corp.*, No. CV 15-

19  0115-WS-N, 2016 WL 5213928, at *17 (S.D. Ala. Sept. 21, 2016) (same); *Palm Capital, LLC v.

20  Travelers Prop. Cas. Co. of Am.*, *supra,* No. CV-15-6385-DMG (PJWx), 2017 WL 5665010, at

21  *2 (C.D. Cal. Apr. 3, 2017) (holding that the plaintiff would "be limited to using its rebuttal

22  experts for just that – rebuttal – and may not call upon them to testify in its case-in-chief"); *Grove

23  City Veterinary Serv., LLC v. Charter Practices, Int'l LLC*, No. 3:13-CV-2276-AC, 2016 WL

24  1573830, at *16 (D. Or. Apr. 19, 2016) (explaining that rebuttal testimony is not "an opportunity

25  for the correction of any oversights in the plaintiff's case in chief") (citation omitted); *Sharma v.

26  City of Vancouver*, No. C06-5688BHS, 2008 WL 11343467, at *2 (W.D. Wash. June 17, 2008)

27  ("Until and unless Defendants' experts testify, Plaintiff's experts will be unable, as a practical

28  matter, to truly rebut such testimony. Therefore, Plaintiff's rebuttal experts will be allowed to

testify at trial only after Defendants' experts have testified."); *Santiago v. Select Portfolio Servicing, Inc.*, No. CV07-262-S-EJL, 2008 WL 4411392, at *5 (D. Idaho Sept. 25, 2008) ("Plaintiff will not be allowed to ... use the rebuttal expert in her case-in-chief, instead, such an expert witness, if any, shall only be called as a rebuttal witness.").

Further, "in distinguishing between opening and rebuttal expert reports, courts in this Circuit emphasize that rebuttal testimony is intended solely to contradict or rebut evidence on the same subject matter identified by an initial expert witness." *Terpin v. AT&T Mobility, LLC*, No. 18-CV-06975-ODW-KS, 2023 WL 3431906, at *7 (C.D. Cal. Mar. 20, 2023) citing to *Clear-View Technologies, Inc. v. Rasnick*, Case No. 13-cv-02744-BLF 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015) (internal citation omitted). However, when a rebuttal expert's testimony is offered to "contradict an expected or anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything close to one." *Terpin,* at 7 citing to *Amos v. Makita U.S.A*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011) (internal citations omitted) (excluding expert improperly disclosed as a rebuttal expert).

In *Stop Staring! Designs v. Tatyana, LLC*, No. CV092014DSFAJWX, 2011 WL 13124124, at *1 (C.D. Cal. Aug. 11, 2011), Plaintiff sought to exclude portions of the rebuttal expert testimony of Antonio Sarabia. *Id.* Defendants agreed that Sarabia's opinions A-F are no longer relevant. *Id.* Defendants claimed that opinion H continues to be relevant and admissible. *Id.* The court held that even if [opinion H] would be admissible as general expert testimony, it is not admissible as rebuttal testimony because the expert testimony that Sarabia is allegedly rebutting – certain opinions of Gary Frazier – have been excluded. *Id.*

Moreover, it is not enough for a rebuttal expert to provide testimony regarding the same subject matter proffered by the opposing party: "In its opposition, Costco argues that because Dr. Kelly opined on Connor's cause of death, Costco's Experts are entitled to opine on alternative causes of death because all of these opinions deal with the same subject matter. Costco's argument does not make sense. If the phrase "same subject matter" is read broadly to encompass *any* possible topic that *relates* to the subject matter at issue, it will blur the distinction between 'affirmative expert' and 'rebuttal expert.' More importantly, such broad reading of Rule

4

PLAINTIFFS' TRIAL BRIEF RE SCOPE OF REBUTTAL EXPERT TESTIMONY AT TRIAL

26(a)(2)(C)(ii) will render the scope of the subject matter limitless and will lead to unjust results, such as the result Costco suggests in its opposition." *Vu v. McNeil-PPC, Inc.*, No. CV091656ODWRZX, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010).

In *Est. of Goldberg v. Goss-Jewett Co., Inc.*, No. 514CV01872DSFAFMX, 2019 WL 8227387, at *1 (C.D. Cal. Oct. 29, 2019), the issue presented before the court was whether the report provided by Intervenors on July 1, 2019 was actually rebuttal or whether it should have been provided earlier during the period for supplemental reports. The court stated "[a] similar issue was addressed in *United States v. Celgene Corp.*, 2016 WL 6542730, (C.D. Cal. June 29, 2016) (internal citations omitted), and the following standard was identified under the case law: [The Court should consider] '(1) the evidence the rebuttal expert purports to contradict or rebut; (2) whether the rebuttal evidence is on the same subject matter as the opposing expert's report; and (3) whether the rebuttal evidence is intended solely to rebut or contradict the opposing expert's evidence.'" *Est. of Goldberg,* at 1.

**B. Defendants had the Opportunity to Serve Initial Expert Reports, but made the Strategic Decision to Only Serve Rebuttal Reports.**

The contents of the rebuttal reports were known to the Defense experts well before the deadline to serve initial expert reports.  Defendants made the strategic decision to forego serving initial expert reports and only serve rebuttal reports.  As such, it is Defendants' own decision to only rebut Plaintiffs' expert testimony at trial.

As an example, Plaintiffs' expert John Lee expressed 17 different opinions in his report. In rebuttal, defense expert Jim Forsell states in his report that the scope of his rebuttal testimony will be "Opinion #1, Opinion #5, and Opinion #12 of John W. Lee as expressed in his report." Accordingly, if Plaintiff expert John Lee does provide opinions on #1, #5 and/or #12, then Jim Forsell should be precluded from testifying at all at trial.  Alternatively, if John Lee does provide Opinion #1, then Jim Forsell should be limited to rebutting John Lee's Opinion #1 and nothing more.

As another example, Defense rebuttal expert Rouzbeh Taghizadeh states in his rebuttal report that his opinions are limited to "Opinions 1, 5, 6-11, 12, and 13 of the Expert Report of

PLAINTIFFS' TRIAL BRIEF RE SCOPE OF REBUTTAL EXPERT TESTIMONY AT TRIAL

John W. Lee,  . . . and paragraphs 5.10-5.13 of the Expert Report of Daniel M. Cislo."  The similar result should be applied to this rebuttal witness as well.  If the listed opinions are not expressed in trial in Plaintiffs' case in chief by the designated experts, then Defendants should be precluded from presenting any testimony on those issues during their case in chief from their rebuttal experts.

DATED:  August 14, 2023

ROSEN ◇ SABA, LLP

By:    /s Ryan Saba
       Ryan D. Saba, Esq.
       Attorneys for Plaintiffs
       SKYE ORTHOBIOLOGICS, LLC and
       HUMAN REGENERATIVE
       TECHNOLOGIES, LLC

ROSEN ◇ SABA, LLP

PLAINTIFFS' TRIAL BRIEF RE SCOPE OF REBUTTAL EXPERT TESTIMONY AT TRIAL