O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE ORTHOBIOLOGICS, LLC, et al., | Case No.: 2:20-cv-03444-MEMF-PVCx |
| Plaintiffs, | **ORDER DENYING MOTION FOR PERMANENT INJUNCTION [ECF NO. 629]** |
| v. | |
| CTM BIOMEDICAL, LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Post-Trial Motion for Injunctive Relief. ECF No. 629. For the reasons stated herein, the Court hereby DENIES the Motion.

///

///

1

## I.  Background

The Court has laid out the background for this case in prior orders and accordingly only recites the factual and procedural history as relevant to this order herein. On August 21, 2023, trial for this matter commenced before a jury, to which the jury found Defendant Bryan Banman liable to Plaintiffs Skye Orthobiologics, LLC ("Skye") and Human Regenerative Technologies, LLC ("HRT") for: (1) breaching his Consulting Agreement/Compensation Contract with HRT (Count 4), with lost profits of $7,298,949; (2) breaching his April 18, 2018 Employment Agreement with Skye (Count 5), with lost profits of $7,298,949; (3) breaching his April 18, 2018 Employment Confidentiality Agreement with Skye (Count 5), with lost profits of $7,298,949; (4) breaching his fiduciary duty to Skye (Count 10), with lost profits of $7,298,949 and punitive damages of $12,780,000; and (5) breaching his duty of loyalty to Skye (Count 11), with lost profits of $7,298,949 and punitive damages of $12,780,000. ECF No. 511 ("Verdict Form"). On September 21, 2023, the parties stipulated on a briefing schedule for post-trial motions. ECF No. 518. In accordance with this stipulation, Banman filed his Rule 50 and 59 motions on October 16, 2023. ECF Nos. 540, 544. On December 1, 2023, the Court entered judgment in this case.[1] ECF No. 574.

On March 26, 2024, Plaintiffs filed the instant Motion for Permanent Injunction. ECF No. 629 (the "Motion"). On April 17, 2024, the Court issued an order granting in part Banman's Rule 50 and 59 motions. ECF No. 633 ("Post-Trial Order"). In particular, the Court reversed the jury finding on Count 5 as to the Skye Confidentiality Agreement only, and found insufficient evidence to support the punitive damages.[2] On May 10, 2024, Banman filed his opposition to the Motion. ECF No. 639 ("Opposition"). On May 18, 2024, Plaintiffs filed their reply. ECF No. 648 ("Reply").

## II.  Legal Standard

A plaintiff seeking a permanent injunction must demonstrate the following: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are

---

[1] The Court issued the Judgment in this case on November 1, 2023, but due to a delay in docketing, the Judgment did not appear on the docket until December 1, 2023.

[2] The Court ordered the parties to submit further briefing regarding the appropriate remedy on a Rule 59 motion with regards to the punitive damages. The Court intends to issue a separate order on this issue.

inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *Id.*

### III. Discussion

Plaintiffs seek a permanent injunction to enjoin Banman along with his agents and his companies (including CTM Biomedical, LLC) from manufacturing any products using HRT's confidential information. *See* ECF No. 629-5. For the reasons discussed herein, the Court finds that the Motion itself is untimely brought and the relief sought was not only abandoned, but would constitute double recovery by Plaintiffs.[3]

### A. Plaintiffs' Motion is Not Timely Brought

Although Plaintiffs cite no procedural basis for the bringing the Motion, they appear to concede that it is essentially a motion brought under Rule 59(e) to amend the judgment in this case. *See* Reply at 3; *Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013) (noting that "to the extent [the plaintiff] believed the Judgment was lacking, the appropriate vehicle for relief was to file a motion to alter or amend" under the timeline pursuant to Rule 59, "not wait nearly two months to bring the issue to the district court's attention"). Such a motion "must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. Rule 59(e).[4] Here, there is no dispute that Plaintiffs' Motion is brought substantially after the 28-day deadline from the Court's

---

[3] Therefore, the Court need not reach the merits of whether a permanent injunction should issue.

[4] The Ninth Circuit has previously held that a "district court has no discretion to consider a late [R]ule 59(e) motion." *Carter v. U.S.*, 973 F.2d 1479, 1488 (9th Cir. 1992). However, the Court notes that other circuits have held the Rule 59(e) deadline not jurisdictional based on the Supreme Court's subsequent rulings in *Bowles v. Russell*, 551 U.S. 205 (2007) and *Kontrick v. Ryan*, 541 U.S. 443 (2004). *See, e.g.*, *Lizardo v. U.S.*, 619 F.3d 273 (3rd Cir. 2010) (holding that "Rule 59(e) can no longer be deemed a jurisdictional rule" post-*Bowles*). The Ninth Circuit does not appear to have explicitly spoken on this issue, but the Court does not find it necessary to reach it. Here, regardless of whether the deadline is jurisdictional, there was no stipulation or motion to extend the Rule 59(e) deadline.

Judgment entered on December 1, 2023.[5] Rather, Plaintiffs argue that "[a] substantial reduction of the original judgment restarts the time to file a motion to alter or amend the judgment pursuant to Rule 59(e)." Reply at 3. Plaintiffs rely solely on non-binding authority to support this point, and as discussed next, the Court does not find that its Post-Trial Order restarted the timeline for Plaintiffs to file the Motion here.

As an initial matter, the logic of Plaintiffs' cited authority does not support its position. In the Seventh Circuit case Plaintiffs rely on, the court specifically noted that "[t]he time limit would be a joke if parties could continually file new motions, preventing the judgment from becoming final." *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir. 1986). However, the Seventh Circuit explained that "the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Id.* at 348. Therefore, "when a court *alters* its judgment, a person aggrieved by the alteration may ask for a correction." *Id.* (emphasis in original); *see also Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x. 705, 708 (9th Cir. 2010 ("When the district court substantively alters its original judgment in response to a Rule 59 motion, a second motion to amend, timely filed by a party *aggrieved by substantive amendment to the original judgment*, will again toll the time to appeal.") (emphasis added).[6] Here, any alterations to the judgment due to the issuance of the Post-Trial Order have no bearing on the relief sought by Plaintiffs. It is also well-settled that a Rule 59(e) motion is not to be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."

---

[5] The parties also stipulated to a deadline to file post-trial motions, but the Court need not reach whether this earlier deadline applies given its findings herein.

[6] The Court notes that the Ninth Circuit has held that an amended judgment "supersedes the original judgment" in *Munden v. Ultra-Alaska Associates*. 849 F.2d 383, 386 (9th Cir. 1988). Nevertheless, in *Munden*, in ruling on post-trial motions, the district court "modified its damages calculation, incorporated new conclusions, and amended its findings." *Id.* at 385; *see also Progressive Industries, Inc. v. United States*, 131 Fed. C. 66, 71 (2017) (noting that the "trial court in *Munden* made substantive changes relating ot the merits of the case"). It appears that the subsequent Rule 59 motion was brought to litigate issues raised by the amended judgment itself—in particular, the additional damages that the district court added after granting the plaintiff's post-trial motion in part. *Munden*, 849 F.2d at 385.

*Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 fn. 5 (2008). Plaintiffs make no argument as to why it would not have been able to bring this Motion as to the original judgment.[7]

Accordingly, the Court finds that the Motion has not been timely brought.

**B.      The Remedy Sought Was Abandoned and Constitutes Double Recovery**

Even if the Motion were timely, the Court finds that Plaintiffs have abandoned any claim they have for injunctive relief by neither seeking it in their pre-trial filings nor at trial itself. Plaintiffs do not dispute that they made no mention of seeking injunctive relief in any of their pre-trial filings and never attempted to seek it during trial. Rather, Plaintiffs argue that Local Rule 16-2 does not require a disclosure of the "remedies" that the plaintiff intends to pursue, and the Final Pretrial Conference Order ("FPTCO") does not have "a location of insertion of any remedies." Reply at 2.[8] The Court interprets the Local Rules differently, and finds that Plaintiffs needed to inform the Court in advance of trial that they sought an injunction in order to request such relief based on the evidence presented at trial.

First, while Plaintiffs argue that "an injunction is a remedy, not a *separate* claim or cause of action," there is no dispute that it is *part of* Plaintiffs' claims. Reply at 2 (emphasis added); *see also Rockwell Intern. Corp. v. U.S.*, 549 U.S. 457, 474 (2007) (citing the Tenth Circuit in noting that all "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint") (emphasis added). Additionally, Local Rule 16-4, which governs a party's memorandum of contentions of fact and law, requires that "[i]f less than all issues are triable to a jury, the issues triable to a jury and to the Court shall be listed separately." C.D. Cal. L.R. 16-4.4. As Plaintiffs acknowledge, injunctive relief is an equitable remedy that would not be decided by a jury. Reply at 2. Thus, per the Local Rules, any equitable remedy sought by the parties still must

---

[7] To the extent that Plaintiffs justify the basis of the motion as based on newly discovered information such as continued sales by Banman, the Court notes the appropriate relief at this point would be sought under Rule 60, which allows motions to be brought within a year after entry of judgment to account for newly discovered evidence. See Fed. R. Civ. P. 60. However, Plaintiffs have not attempted to justify why such a motion "could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

[8] Plaintiffs also note that the parties' proposed FPTCO (ECF No. 398) was never formally "entered by the Court." Reply at 2. Regardless, in the FPTCO, the parties agreed that the claims and issues disclosed therein were the "issues remaining to be litigated," and that it would "supersede the pleadings." ECF No. 398 at 40.

be disclosed to the Court prior to trial. Despite this, in their Memorandum of Contentions of Fact and Law, Plaintiffs stated that they "do not seek to bifurcate any claims," and affirmatively declared that they "seek a jury trial on all claims." ECF No. 286. The Court finds that Plaintiffs forfeited their right to seek an injunction by failure to disclose their intent to do so.[9]

Part of the purpose of the pretrial disclosures is to give notice not just to the Court, but to the opposing party. *See DP Aviation v. Smith Industries Aerospace and Defense Systems Ltd.*, 268 F.3d 829, 842 (9th Cir. 2001) (noting that the scope of a plaintiff's pretrial contentions impacted "whether fair notice was given to [the defendant]"). In *DP Aviation*, the Ninth Circuit determined that "[i]n view of the ambiguous language of the pretrial order" along with the evidence and argument presented at trial, an issue was "not raised with fair notice" to the defendant. *Id.* at 843. Here, there is no dispute about any ambiguity in any pretrial filings as Plaintiffs appear to concede that they have not sought injunctive relief at any time beyond its pleadings. Motion at 2 ("Plaintiffs requested equitable relief in their Fourth Amended Complaint."); *see also U.S. v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (noting that a pretrial order should be "liberally construed to permit evidence and theories at trial that can fairly be said to be embraced within its language," but "particular evidence or theories which are not at least implicitly included in the order are barred"). As Banman notes, the jury did not make any findings on what products were made using Plaintiffs' confidential information, or if the jury was finding Banman liable for merely disclosure or use in his company's products at all. Opposition at 21. But, had Banman been put on notice that an injunction was sought, it is possible that Defendants would have defended the case differently and sought such findings from the jury. Here, Banman defended against the theory of damages Plaintiffs did present at trial—evidence of past *and future* damages. *See* ECF No. 639-34 ("Fluskey Decl."), Ex. 15 at 175:16-21. Specifically, counsel for Plaintiffs argued in closing to the jury—"ask yourself what is a reasonable amount in the future that we should hold them accountable for." *Id.* "Is it two years, four

---

[9] The Court also finds that this limitation aligns with practical concerns and sound judicial administration. If Plaintiffs had disclosed they were seeking equitable relief, the Court would have considered whether it was appropriate to have a bifurcated bench trial on the issue. The Court would have also considered the evidence presented at trial in light of the question of whether an injunction should issue.

years, six years? I don't know. This is your decision." *Id.* There is no dispute that Plaintiffs sought future damages and were awarded the damages the jury found reasonable.[10]

In seeking a permanent injunction after seeking and obtaining damages to compensate for both past and future loss, the Court further finds that Plaintiffs are improperly seeking a double recovery. Plaintiffs argue that the jury award does not "compensate or protect Plaintiffs from what is happening today." Motion at 6. However, it is Plaintiffs' burden to seek the remedies that they believe would make them whole, whether that be solely damages, or a combination of past damages and a permanent injunction. Plaintiffs have pointed to no authority to support the position that after seeking future damages and receiving a jury award, they would be entitled to *further* seek a permanent injunction.[11] The Court acknowledges the logic that "[i]t cannot be the law that if a jury awards a dollar of future damages, then a defendant gets free reign to use stolen confidential information forever." Reply at 5. Nevertheless, Plaintiffs cite to no authority to support its own position that it is free to seek and receive *both* future damages and a permanent injunction, which would no doubt be recovery for the same harm. Rather, it seems to be a concession by Plaintiffs that the harm is not irreparable to support injunctive relief if they chose to seek damages instead. *See BladeRoom Group Ltd. v. Emerson Electric Co.*, 2019 WL 1117537, at *3 (N.D. Cal. March 11, 2019) ("Simply put, the trial evidence shows that [the plaintiff's] injury from future competition could be reduced to an amount of money, and a permanent injunction cannot be ordered merely because the requesting party did not receive the full extent of the legal relief it sought.").

Accordingly, the Court finds both that Plaintiffs have abandoned any claim to injunctive relief, and regardless that such relief would constitute a double recovery.

/ / /

---

[10] Plaintiffs' contention that it is not possible to determine whether any of the jury award was for past or future damages is besides the point—even if the jury's award was only for past damages, this would not entitle Plaintiffs to further seek future damages at this point. Reply at 4. The jury gave the award that it thought reasonable to compensate Plaintiffs for *all* damages it sought—both past and future.

[11] Plaintiffs merely cite a district court case noting that monetary damages can be inadequate where a defendant can still continue to use the confidential information. Motion at 6. However, this does not address the issue raised by Plaintiffs' Motion—namely, the propriety of raising the inadequacy of monetary damages after a party has elected to seek and receive such damages.

## IV. **Conclusion**

For the foregoing reasons, the Court hereby DENIES Plaintiffs' Motion for Permanent Injunction. ECF No. 629.

IT IS SO ORDERED.

Dated: July 19, 2024

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

8