O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYE ORTHOBIOLOGICS, LLC, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>CTM BIOMEDICAL, LLC, et al.,<br><br>     Defendants. | Case No.: 2:20-cv-03444-MEMF-PVCx<br><br>**ORDER GRANTING MOTION FOR NEW TRIAL [ECF NO. 544]** |

  Before the Court is a Rule 59 Motion for a New Trial, to Strike/Limit Damages, or for Remittitur filed by Defendant Bryan Banman. ECF No. 544. The Court hereby supplements its prior Order Granting in Part Defendant Banman's Rule 59 Motion. ECF No. 637.

/ / /

/ / /

1

## I. Background

The relevant factual and procedural background to this order is laid out in the Court's prior Order Granting in Part Defendant Bryan Banman's Rule 59 Motion. ECF No. 637 ("R59 Order"). In the R59 Order, the Court found that the jury's award of punitive damages against Banman insufficiently supported by evidence of his financial condition. *Id.* at 26. However, at the hearing for the Rule 59 Motion, Plaintiff Skye Orthobiologics, LLC ("Skye") argued that this Court could only grant a new trial or remittitur to the extent that it found the punitive damages award improper. As this was not previously raised in the parties' briefing, the Court ordered the parties to submit supplemental briefing on this issue. *Id.* On May 3, 2024, in accordance with the Court's order, Skye filed a supplemental brief summarizing its position on this issue. ECF No. 636 ("Supp. Brief"). On May 10, 2024, Banman filed his supplemental brief. ECF No. 638 ("Supp. Opp."). On May 18, 2024, Skye filed a reply. ECF No. 648 ("Supp. Reply"). On August 28, 2024, Banman filed a letter of supplemental authority, to which Skye responded on September 3, 2024. ECF Nos. 671, 672.

## II. Discussion

### A. The Court Finds the Proper Remedy to be a New Trial

Federal Rule of Civil Procedure 59 provides that the Court "may, on motion, grant a new trial on all or some of the issues" after a jury trial. Fed. R. Civ. P. 59(a)(1)(A). Although 59(a) does not facially provide any remedy other than the grant of a new trial, a court is allowed to "alter or amend a judgment" under 59(e).[1] The parties do not appear to dispute that the striking of punitive damages under Rule 59, if allowed, would fall under 59(e) rather than 59(a). The Ninth Circuit has explained that there are "four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence, (3) the motion is necessary to

---

[1] Skye argues that Banman's Rule 59 Motion did not reference 59(e), and therefore should not be treated as such. Supp. Brief at 3. However, the Court does not find that Banman's Rule 59 Motion was limited to the provision of Rule 59(a), as it explicitly requested alteration of the judgment. *See* ECF No. 544 (giving notice that Banman was moving for a new trial, "striking or limiting damages, or remittitur").

prevent manifest injustice, or (4) there is an intervening change in controlling law." *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).

While it appears that facially the striking of punitive damages could fall under the category of correcting manifest errors of law or fact, or to prevent manifest injustice, the Court notes that the origin of 59(e) was to allow a court to correct its own errors in making a judgment. *See* 1946 Amendment, Note to Subdivision (e) ("This subdivision hs abeen added to care for a situation such as that arising in *Boaz v. Mutual Life Ins. Co. of New York*, [146 F.2d 321 (8th Cir. 1944)], and makes clear that that the district court posses the power asserted in that case to alter or amnd a judgment after its entry."). In *Boaz*, after a jury trial, the court entered an order dismissing a plaintiff's case without prejudice, but attempted to change it to a dismissal with prejudice. 146 F.2d at 322. Thus, 59(e) has been recognized to "allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (citing *Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986)); *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("Rule 59(e) permits, if not encourages, a district court to correct its own clear errors."). However, case law does not explicitly establish how 59(e) applies with respect to amending judgments on grounds that fall under Rule 50 (judgment as a matter of law)—which covers a finding that a "reasonably jury would not have a legally sufficient evidentiary basis to find for a party on that issue." Rule 50(a)(1).[2]

---

[2] Here, the Court's finding regarding punitive damages was based on the insufficiency of the evidence. *See* R59 Order at 25. Accordingly, the Court does not construe this as an issue of excessiveness of damages. Although some courts have recognized that a court's reduction of an "excessive punitive damages award in conformity with constitutional limits" does not require a plaintiff's consent or providing an option of a new trial, it is not clear that this is such a situation. *See Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049 (8th Cir. 2002). First, the California Supreme Court has expressly declined to decide whether the requirement to present evidence of a defendant's financial condition even is a constitutional prerequisite to a punitive damages award. *See Adams v. Murakami*, 54 Ca. 3d 105, 118 (1991). And, even though the Court's finding that the punitive damages award was unsupported by evidence means that technically, the punitive damages award was in excess, the issue here is that there is no evidence in the record to determine how much the award was in excess and how much, if any, should be remitted. *Cf. Freund v. Nycomed Amersham*, 347 F.3d 752, 763 at n.11 (9th Cir. 2003) (suggesting excessiveness of damages would be properly brought under Rule 59). To strike the punitive damages wholesale under a finding of excessiveness would be equivalent to making a factual finding that $0 is actually the appropriate amount of punitive damages to be awarded, which the Court has no basis to make. *See Mattison v. Dallas Carrier Corp.*, 947 F.2d 95, 108 (4th Cir. 1991)

3

The issue of whether a district court is empowered to alter or amend a judgment under 59(e) based on grounds properly raised under Rule 50 does not appear to be clearly established by binding authority. The Court notes that district courts have gone both ways on this—some courts have struck punitive damages based on insufficiency of evidence under Rule 59, while others have declined to. *See, e.g.*, *mophie, Inc. v. Shah*, 2015 WL 13917980, at *16 (C.D. Cal. Dec. 11, 2015) (striking punitive damages based on lack of evidence); *Luna v. Zaman*, 2008 WL 11451141, at *8 (D. Nev. March 14, 2008) (striking punitive damages award and amending judgment under 59(e)); *cf. Zhu v. Li*, 2023 WL 4772338, at *6 (N.D. Cal. July 26, 2023) (noting that although the defendants sought to vacate the punitive damages under Rule 59, it should be construed as a request to remit the punitive damages award and allow the plaintiff the option of accepting the remittitur or a new trial).[3]

Nevertheless, there is precedent strictly limiting the grounds upon which a district court may grant a judgment as a matter of law, suggesting that Rule 59(e) was not meant to override the restrictions surrounding Rule 50. In particular, a party's objections based on insufficiency of evidence must be brought on a Rule 50 motion. In *Freund*, the Ninth Circuit held that a district court erred in granting judgment as a matter of law as to punitive damages because the defendant "failed to move for such relief at the close of the evidence." 347 F.3d at 761. Moreover, the Ninth Circuit emphasized the rationale for not allowing a party to raise arguments under Rule 50(b) that were not raised pre-verdict under Rule 50(a). "First it preserves the sufficiency of the evidence as a question of law, allowing the district court to review its initial denial of judgment as a matter of law instead of forcing it to 'engage in an impermissible reexamination of facts found by the jury.' Second, it calls to the court's and the parties' attention any alleged deficiencies in the evidence at the time when the

---

("When a factual issue is committed to the jury . . . the court cannot substitute its judgment for that of the jury. Rather, it can only grant a new trial . . ."). Thus, the Court's finding is properly construed as a finding there was insufficient evidence to support any punitive damages at all, not that the proper amount is nothing.

[3] Banman cites an unpublished Ninth Circuit case that did not construe any limit on its ability to reverse an award of punitive damages based on lack of evidence under a Rule 59 motion, but the case has no precedential value, nor does it appear that the issue of the court's ability to do so was raised. *See Mighty Enterprises, Inc. v. She Hong Industrial Co. Ltd.*, 745 Fed. App'x. 706, 710 (9th Cir. 2018).

opposing party still has an opportunity to correct them." *Id.* (citations omitted)[4]; *see also Rivera v. City of New York*, 594 Fed. App'x. 2, 6 (2d Cir. 2014) (noting that it is "well established that a party is not entitled to challenge the sufficiency of the evidence to support a jury verdict on a given issue unless it has timely moved in the district court for judgment as a matter of law").[5] And, there is no indication that a district court can substitute its own arguments into a Rule 50 motion where it was not raised by the defendant, as that would still circumvent a major purpose of Rule 50(a). *See Mountain Dudes v. Split Rock Holdings, Inc.*, 946 F.3d 1122, 1130 (10th Cir. 2019) (holding it was error for a court to grant judgment as a matter of law on "on grounds neither party had raised").

Banman's arguments appear limited to the fact that other district courts have vacated a punitive damages award previously in similar circumstances, and that a district court may do so in a case of excessiveness of damages. However, the district court cases that have vacated punitive damages for sufficiency of evidence have not squarely addressed the concern that doing so under Rule 59 would subvert the purposes set forth by well-established precedent of Rule 50.[6] And, as discussed in footnote 2, *supra*, the Court's finding on the punitive damages award was not one of excessiveness. Banman also raises an additional basis that the Court purportedly could strike the

---

[4] *See also Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1429 (9th Cir. 1986) (citing *Quinn v. Southwest Wood Products, Inc.*, 597 F.2d 1018, 1025 (5th Cir. 1979)). In *Quinn*, the Fifth Circuit noted that "[w]hen a claimed deficiency in the evidence is called to the attention of the trial judge and of counsel before the jury has commenced deliberations, counsel still may do whatever can be done to mend his case." *Quinn*, 597 F.2d at 1025. However, "if the court and counsel learn of such a claim for the first time after verdict, both are ambushed and nothing can be done except by way of a complete new trial." *Id.* These obligations reflect a major purpose of the motion for judgment as a matter of law, which is "to call the claimed deficiency in the evidence to the attention of the court and to opposing counsel at a time when the opposing party is still in a position to correct the deficit." *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996). In particular, the Ninth Circuited noted the Advisory Committee Note to Rule 50 states that "[i]n no event, however, should the court enter judgment against a party who has not been apprised of the materiality of the dispositive fact and been afforded an opportunity to present any available evidence bearing on that fact." *Id.*

[5] In *Rivera*, the court found that the district court abused its discretion in vacating the punitive damages, and rejected the defendants argument that such was necessary to prevent manifest injustice. *Id.* ("We cannot find manifest injustice here, where, had [the defendants] properly raised the issue at trial, it may be that [the plaintiffs] would have been able to present additional evidence . . .") (cleaned up).

[6] Notably, Banman's briefing lacks any argument attempting to reconcile this apparent conflict. Although the Court acknowledges that Skye did have a full and fair opportunity to present its evidence at trial, Rule 50 clearly contemplates the ability of a plaintiff to raise evidence even after the close of its case upon the notice of its insufficiency in a pre-verdict motion.

punitive damages award—under Rule 50(b)'s "plain error" review. Def. Supp. Brief at 6; *see E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (where arguments made under Rule 50(b) are not made in a Rule 50(a) motion, a court is "limited to reviewing the jury's verdict for plain error"). However, this exception "permits only extraordinarily deferential review that is limited to whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001). Here, the issue is not that there was no evidence at all to support punitive damages—it is that there was no evidence of Banman's *liabilities*, a prerequisite established by the California Supreme Court. Therefore, even if the Court were to construe Banman's argument as one made under Rule 50(b), it is not clear that a plain error review applies.[7]

Although there appears to be a dearth of binding authority on whether a court can strike the punitive damages without further proceedings, there is no lack of clarity that a new trial is an appropriate remedy in this scenario—Banman does not argue that a new trial would not be an appropriate remedy. Accordingly, the Court finds it proper to order a new trial.

### B. The Court Finds that a New Trial Should Only Concern the Amount of Punitive Damages

The parties dispute the scope of a new trial—Skye argues that it should be limited solely to the issue of punitive damages (namely, whether punitive damages should be awarded and in what amount) while Banman argues that a new trial should cover liability and damages (namely, whether

---

[7] The Court declines to address Banman's argument regarding the availability of punitive damages under Delaware law, which was not raised at any point pretrial or in his initial post-trial motions. While the Court did as a technical point, note that it appears that Delaware should apply to Skye's fiduciary duty claims, it further noted that both parties "primarily cite[d] to California law" and accordingly considered California law on the issues. R59 Order at 12, n.11. Here, the Court finds that any choice of law issue has long been waived, given both parties' apparent understanding throughout the course of this litigation and reliance on California law in all motions briefed. *See, e.g.,* ECF No. 68-1 ("Banman MTD") (moving to dismiss Skye's breach of duty claims based on California law); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 891 (9th Cir. 2000) (finding "untenable" a choice of law argument first raised under Rule 59(e)).

Banman is liable for breach of fiduciary duty and breach of loyalty, what compensatory damages, if any, he owes, as well as whether punitive damages should be awarded and in what amount).[8]

Banman argues that it is improper to conduct a retrial on the fact and amount of punitive damages alone, and relies on two Ninth Circuit cases—*United Air Lines, Inc.*[9] and *Marroquin*[10]—in doing so. Banman argues that because liability and punishment are so closely related, a single jury must assess both. More importantly, Banman argues that the jury verdicts already reached on liability and compensatory damages must be tossed out. But *United Air Lines* and *Marroquin* do not so hold. *Marroquin* did not make any finding regarding a limited punitive damages trial or retrial, and *United Air Lines* explicitly limited its holding to the facts of the case before it. *United Air Lines*, 286 F.2d at 306. To so hold would appear to require overruling the numerous cases in which the Ninth Circuit has remanded a matter for trial simply on the issue of punitive damages. *See, e.g.*, *White v. Ford Motor Co.*, 500 F.3d 963, 966 (9th Cir. 2007) (reversing for a new trial on punitive damages); *Larez v. Holcomb*, 16 F.3d 1513, 1521 (9th Cir. 1994) (remanding for a new trial on compensatory and punitive damages); *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 844 (9th Cir. 2002) (remand solely on the amount of punitive damages).[11] But as three-judge panel opinions, *United Airlines* or *Marroquin* could not overrule other three-judge panel opinions.

---

[8] Banman also suggests that if a new trial limited to punitive damages is ordered, the trial should be limited to determining Banman's net worth and the Court should apply a cap of 10%. Def. Supp. Brief at 12. But, although cases recognize that California courts "generally" find that punitive damages exceeding 10% of a defendant's net worth excessive, Banman presents no basis to allow this general guideline to be a substitute for a jury's finding on punitive damages. A jury could very well find an amount less than 10% reasonable, or given certain circumstances, may be justified in an award over 10%. However, the parties are welcome to stipulate to this approach or a number of other approaches. For instance, the parties may wish to stipulate to Banman's net worth and a remittitur to 10% of that figure. Another alternative is that the parties may wish to stipulate to Banman's net worth and a new trial on the amount of punitive damages in light of that stipulated figure.

[9] *United Air Lines, inc. v. Wiener*, 286 F.2d 302 (9th Cir. 1961).

[10] *Marroquin v. City of Los Angeles*, 112 F.4th 1204 (9th Cir. 2024).

[11] The Court acknowledges that these cases do not explicitly discuss *United Air Lines* or the Supreme Court case it relied on. *See Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931) (setting forth that where the question of damages and liability are intertwined, the former cannot be submitted to the jury independently of the latter would "amount to a denial of a fair trial").

In *Larez*, the district court gave a jury instruction at trial that the City of Los Angeles would indemnify the defendant officer for any compensatory damages awarded to the plaintiff as a result of an unlawful seizure and permitted the jury to be advised that the City would indemnify for punitive damages. *Larez*, 16 F.3d at 1518. The Ninth Circuit expressly determined that because there was no evidence that the erroneous instruction on indemnification might have infected the jury's determination of liability and because there was ample evidence supporting the liability finding, "we will not upset the jury's determination of liability and will reverse and remand for a new trial on damages alone." *Id.* at 1520. It made a similar finding with respect to the information on punitive damages indemnification. Similarly, here, there is no evidence that the absence of evidence on Banman's liabilities infected the jury's determination of his liability for breach of fiduciary duty or breach of loyalty or his compensatory damages, so there is no reason to upset those jury determinations.

Although the Ninth Circuit has indeed stated that the "ultimate question" of whether a separate damages trial violates a party's Seventh Amendment rights is whether the liability issues are so "distinct and separate from the damages issues, so that trial of damages alone may be had without injustice," *Marroquin*, 112 F.4th 1212, it has never held that the only way to protect a defendant's Seventh Amendment rights under these circumstances is to toss out a jury's valid liability and compensatory damages verdicts. To the contrary, the Ninth Circuit's focus has been on what evidence is presented to the jury and what the defendant is entitled to present. For example, the key language from *United Air Lines* cited in *Marroquin* is this: "[D]efendants, faced with the prospect of exemplary or punitive damages, are entitled to present evidence not only to show they were not negligent, but that, even if there was negligence[,] there was no willfulness or wantonness or extreme recklessness." *Id.* at 1211 (internal quotations omitted). In *Marroquin*, therefore, it was not error for the district court to permit a retrial on damages only—where no evidence was presented regarding liability.[12] Similarly, it was error for a district court to order initial separate trials on

---

[12] *Id.* at 1210 (explaining that the second trial was limited to damages and no evidence was presented about how the injury at issue was caused).

8

liability and damages where presumably the liability evidence was not going to be permitted in the damages phase.[13]

In fact, in *United Air Lines*, the Ninth Circuit held that a trial on damages only would result in "confusion and uncertainty"[14]; this makes sense only if the court was contemplating a trial on damages that did not include liability-related evidence. The Ninth Circuit has, in fact, never held in a binding opinion that a defendant is entitled to have valid jury determinations on liability, compensatory damages, and entitlement to punitive damages overturned because there was an error with respect to the amount of punitive damages. And this defies common sense and would in fact appear to infringe upon the *plaintiff's* right to a jury trial. The jury properly determined liability, an amount of compensatory damages, and that the plaintiff was entitled to punitive damages. It therefore appears that, consistent with the Skye's request, the determinations as to liability and the amount of compensatory damages shall stand, just as they were permitted to stand in *White*, *Larez*, and *Costa*.

The Defendants' constitutional rights will be protected because it will be permitted to present any and all evidence relevant to a determination of punitive damages. Even Skye concedes that evidence related to liability is relevant to a determination of punitive damages and should be permitted. Here, in a new trial Banman is entitled to present all evidence relevant to the degree of reprehensibility of his conduct, including any belief that he was not liable at all.

Any other result would be contrary to binding authority in this Circuit. It would permit a defendant, who fails to raise a redressable issue at the end of the trial prior to the verdict, to upend an entire verdict, including on issues that a Court finds should not be reversed. This cannot be.

### III. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendant's Rule 59 Motion for a New Trial (ECF No. 544) is GRANTED IN PART:

---

[13] Although this is not explicit, common sense dictates this. There would be little reason, in a first trial, to bifurcate liability from damages if the liability evidence was going to be permitted in the damages trial.

[14] *United Air Lines, Inc.*, 286 F.3d at 305.

a. The Court ORDERS a new trial on the fact and amount of punitive damages in Counts 10 and 11;

b. The parties are ordered to meet and confer and submit a joint report, no later than 14 days from the date of this order, regarding the following:

　　i. The timing for a motion to reopen discovery, if sought by Skye;

　　ii. The timing for a new trial and final pretrial conference, accounting for any other applicable motions and/or appeals the parties anticipate filing or that are currently pending.

IT IS SO ORDERED.

Dated: January 2, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge